IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLD REPUBLIC SURETY COMPANY, | CIVIL DIVISION |
| Plaintiff, | NO. |
| v. | |
| PETRONGOLO CONTRACTORS, INC. | |
| Defendant. | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Old Republic Surety Company ("Old Republic"), by and through its undersigned attorneys, Dickie, McCamey & Chilcote, P.C., James R. Andrzejewski, Esquire, and W. Alan Torrance, Jr., Esquire, and files the within COMPLAINT and in support thereof avers as follows:

## PARTIES

1.  Plaintiff, Old Republic, is a Wisconsin corporation with its principal place of business at 18500 W. Corporate Drive, Suite 170, Brookfield WI 53045, and is authorized to conduct surety business in the Commonwealth of Pennsylvania.

2.  Defendant, Petrongolo Contractors, Inc. ("PCI") is a Pennsylvania corporation and has its principal place of business at 2120 Homestead Street, Philadelphia, PA 19145.

## JURISDICTION AND VENUE

3.  This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 because this action is a dispute between citizens of different states and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial portion of the events giving rise to this lawsuit occurred in this district. In particular, bonds issued at the request of Petrongolo were for construction projects in this district.

## FACTUAL BACKGROUND

5. Plaintiff, Old Republic, is engaged in the business of issuing surety bonds at the request of, and on behalf of, construction contractors, among others.

6. Defendant, Petrongolo is a construction contractor and has in the business of construction, upon information and belief, since its incorporation in 1985.

7. On or before July 13, 2020, Petrongolo sought to obtain surety credit from Old Republic in the form of certain types of surety bonds.

8. In general, the purpose of the surety bonds is to ensure the completion of identified projects and/or payment of certain subcontractors for the benefit of the obligees identified on the bonds.

9. On or about July 13, 2020, Petrongolo and other corporate and individual indemnitors executed a general agreement of indemnity for the benefit of Old Republic.

10. On or about June 2, 2022, Petrongolo and other corporate and individual indemnitors executed an addendum to general agreement of indemnity for the benefit of Old Republic.

11. True and correct copies of the general agreement of indemnity and the addendum are hereinafter referred to, collectively, as the "GAI" and attached hereto as **Exhibit 1.**

12. Paragraph III.Z of the GAI sets forth the procedure for termination of the liability of an indemnitor.

13. At no time has Petrongolo sought to terminate its liability in accordance with the provisions of the GAI.

14. Consistent with other forms of credit, Petrongolo understood and agreed that it had continuing obligations to Old Republic in conjunction with any surety bond to be provided by Old Republic naming Petrongolo as principal.

15. For purposes of this Complaint, Petrongolo had the following obligations:

> B. to "continually indemnify and save the Surety harmless from and against every claim, demand, loss, cost, charge, suit, judgment and expense, including but not limited to attorney's fees, investigative costs, etc., which the Surety may pay sustain or incur in consequence of having executed or procured the execution of Bond(s). . . " (Exh 1, ¶ B);
>
> E. to treat "all funds due or to become due under the contracts or obligations covered by bond [as] trust funds, whether in the possession of the [Petrongolo] or another, for the benefit and payment of all persons to whom [Pertongolo] incurs obligations in the performance of such contractor obligations for which [Old Republic] would be liable under the bond." (Exh 1, ¶ E); and,
>
> L. to "furnish to [Old Republic] such information as it may request concerning the financial condition of [Petrongolo], the status of the work under any contract covered by a bond, the condition of the performance of any such contract and the payment of obligations incurred in connection therewith. [Old Republic] may at reasonable times and places examine and copy the books, records and accounts of [Petrongolo]. (Exh 1, ¶ L)

16. In conjunction with the GAI, Petrongolo applied for surety credit from Old Republic and requested certain surety bonds be issued naming Petrongolo as principal.

17. In consideration of the execution of the GAI, as well as other consideration, Old Republic issued a number of surety bonds including those listed on Exhibit 2 which are currently outstanding (hereinafter, "Bonds").

18. Defendants agreed to and accepted the benefit of surety credit in the cumulative amount of the penal sum of each Bond.

3

19. Since the issuance of the Bonds, Old Republic has received multiple claims against the Bonds.

20. Exhibit 2 identifies each Bond against which a claim was filed.

21. In response to each claim, Old Republic initiated an investigation.

22. In response to the claims, Old Republic incurred "Expense" as defined in the GAI through its retention of:

- A. MDD, a forensic accounting firm to investigate:
    1. the financial status of the projects; and,
    2. Petrongolo's ability to pay the claims asserted against Old Republic;
- B. J.S. Held, LLC, a construction consulting firm to investigate the status of the physical work on the bonded projects;
- C. Counsel to assist Old Republic, including enforcement of its rights under the GAI.

23. As a result of these investigations, Old Republic concluded that payment was due in the amounts set forth on Exhibit 2. The total amount of claims paid to date is $1,382,068.99.

24. Pursuant to its rights under the GAI, by letter from its counsel dated February 8, 2024, attached hereto as Exhibit 3, Old Republic demanded reimbursement for all losses incurred to date as well as access to Petrongolo's books and records.

25. Notwithstanding Old Republic's request for access to Petrongolo's financial information, and despite Petrongolo's acknowledgement of its agreement to do so, Petrongolo has failed to provide the requested information.

26. The information requested is necessary so that Old Republic can evaluate the risks and take appropriate steps to mitigate its exposure under the terms of the Bonds and the GAI.

27. The financial information requested is also necessary for Old Republic to confirm that Petrongolo has discharged its duty to treat amounts due and/or paid to Petrongolo as trust funds, under ¶1E of the GAI, for the claims asserted against the bonds.

28. While some limited information has been provided by Petrongolo, the information produced is not responsive to Old Republic's request and inadequate under the terms of the GAI.

29. The GAI requires Petrongolo and the other indemnitors to reimburse Old Republic for its costs and expenses, including legal and consulting costs.

30. Through May 24, 2024, Old Republic has paid costs and expenses in the amount of $33,160.45.

31. The GAI requires Petrongolo and the other indemnitors to deposit collateral with Old Republic to protect it from additional out of pocket loss. Exhibit 2 sets forth the amount of pending claims asserted against the identified Bonds in the total amount of $1,133,830.86.

32. At the time of the filing of this claim, Old Republic is exposed to claims against the remaining penal sum on outstanding Bonds.

33. Petrongolo has failed to discharge its agreed upon obligations to Old Republic. The conduct of the Defendant is a breach of, and therefore an Event of Default under, the GAI.

34. As a direct and proximate result of the Defendant's conduct, in response to the claims received, Old Republic has sustained out of pocket losses for payment of claims as

well as expenses in the form of attorney's fees, consultant's fees as set forth above, which are continuing in nature.

35. All conditions precedent to filing this lawsuit have been satisfied.

## COUNT I
## BREACH OF THE GENERAL AGREEMENT OF INDEMNITY

36. Plaintiff incorporates by reference all paragraphs above inclusive as though fully set forth herein at length.

37. Pursuant to the terms of the GAI, Defendant is obligated to exonerate, indemnify, and fully reimburse Old Republic for all losses and damages

38. Defendant is in material breach of the GAI in general and in the following particulars by failing to:

    a. Indemnify and save Old Republic from loss;

    b. Reimburse Old Republic as demanded; and

    c. Otherwise comply with its obligations to prevent Old Republic from sustaining a loss.

39. By reason of Defendant's breach of the GAI, Old Republic has sustained damages set forth above and is likely to sustain additional damages by reason of Defendant's failure to fulfill its obligations under the GAI

WHEREFORE, Plaintiff Old Republic hereby requests judgment as against the Defendant for:

    a. Damages and losses set forth above;

    b. All expenses incurred to date, including legal fees and consultant fees;

    c. Future expenses and legal fees;

d. Interest; and

e. Such other relief as this Court deems just and proper.

## COUNT II
## BREACH OF THE GENERAL AGREEMENT OF INDEMNITY

40. Plaintiff incorporates by reference all paragraphs above inclusive as though fully set forth herein at length.

41. Pursuant to the terms of the GAI, Old Republic is entitled to access the "books, records and accounts" of Petrongolo, which was

42. Access to the requested information was agreed upon, and bargained for, in conjunction with the establishment of the relationship between Petrongolo and Old Republic.

43. On repeated occasions, Old Republic has requested access to Petrongolo's "books, records and accounts."  Access to this information is required for Old Republic to evaluate its exposure and, if necessary in its role as secondary obligor, resolve claims.

44. Petrongolo has failed to provide access to as required by the GAI.

45. Petrongolo's failure to cooperate and provide access to the requested information is a breach of, and an Event of Default under, the GAI.

46. Petrongolo is in breach and Default of the GAI in general and in the following particulars by failing to:

a. Provide Old Republic with access to Petrongolo's financial records;

b. Otherwise comply with their obligations to provide Old Republic access to Petrongolo's financial information;

47. As a direct and proximate result of Defendant's breach of the GAI, Old Republic has been injured and damaged as aforesaid, which is continuing in nature.

WHEREFORE, Plaintiff Old Republic hereby requests relief in the form of immediate production of financial information requested and such other relief as this Court deems just and proper.

### COUNT III
### INJUNCTIVE RELIEF

48. Plaintiff incorporates by reference all paragraphs above inclusive as though fully set forth herein at length.

49. Pursuant to the GAI, Petrongolo is required to provide access to its "books, records and accounts" upon Old Republic's demand. Defendant has failed and refused to do so.

50. In light of the potential exposure to Old Republic under the bonds, time is of the essence.

51. Injunctive relief if necessary to preserve the status quo.

52. Old Republic will sustain immediate and irreparable harm and has no adequate remedy at law for the Petrongolo's failure to abide by the clear terms of the GAI.

53. Old Republic's right to relief is clear.

54. Irreparable injury to Old Republic will occur without injunctive relief.

55. Defendant will not suffer any harm or prejudice by the award of injunctive relief requested herein.

56. An injunction in favor of Old Republic will serve the public interest, including accounting for the expenditure of public funds allocated for completion of specific projects for the benefit of dedicated obligees.

WHEREFORE, Plaintiff Old Republic hereby requests judgment against Defendant as follows:

A. For injunctive relief compelling Defendant to provide immediate and continuing access of all books, records and credit information;

b. Such other relief as this Court deems just and proper.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

By: /s/ James Andrzejewski
James R. Andrzejewski, Esquire
PA ID #308153
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
jandrzejewski@dmclaw.com

W. Alan Torrance, Jr, Esquire
PA ID #49592
Two PPG Place, Suite 400
Pittsburgh, PA 15222
412-392-5272
atorrance@dmclaw.com
*(Pro Hac Vice pending)*

*Counsel for Plaintiff*
*Old Republic Company*