IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLD REPUBLIC SURETY COMPANY, | CIVIL ACTION |
| Plaintiff, | CASE NO: 2:24-cv-02443-TJS |
| v. | |
| PETRONGOLO CONTRACTORS, INC, | |
| Defendant. | |

**REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Old Republic Surety Company ("Old Republic"), by its attorneys Dickie McCamey & Chilcote, P.C., files the within Reply Brief in Support of Motion for Summary Judgment averring as follows:

**I.    DEFENDANT'S OPPOSITION TO SUMMARY JUDGMENT**

Defendant's Opposition to Summary Judgment is primarily procedural, contending that Old Republic's failure to file a Statement of Undisputed Facts is fatal to the requested relief. That argument is now moot. Accordingly, Old Republic requests that this Honorable Court deny Defendant's Request to Dismiss Plaintiff's Motion for Summary Judgment.

In substance however, Old Republic's Statement of Undisputed Facts asserts the same facts set forth in its Motion to which Defendant responded. Consistent with its response to Old Republic's Motion for Summary Judgment, and its Memorandum in Opposition, Defendant's only substantive defense is that it substantively disputes only paragraphs 13 and 15, but for the same reason: Defendant contends it has been unable to confirm whether the payments were "proper."[1]

---

[1] See paragraphs 13 and 15 of Defendant's Statement of Disputed Facts.

For the reasons set forth in Old Republic's Motion and as set forth below, Defendant's position is not a defense and does not prevent the entry of summary judgment.

## II. DEFENDANT HAS NOT ASSERTED A VIABLE DEFENSE.

As set forth in Plaintiff's Brief in Support, this Court following Third Circuit precedent, fully recognizes and enforces *prima facie* clauses like the one included in the Indemnity Agreement *(Doc. 23, Exh. 1, ¶ III.B).* <u>United States Fidelity & Guaranty Co. v. Bilt-Rite Contractors, Inc., 2005 U.S. Dist. LEXIS 9299</u>*10-13<u>, (E.D. Pa. May 17, 2005)</u> *(applying Pennsylvania law)(citing* <u>Fallon Elec. Co. v. Cincinnati Ins. Co., 121 F.3d at 129.</u>*).*

The *prima facie* clause provides that Old Republic is entitled to rely upon a "voucher or other evidence of the payment as prima facie evidence of the propriety thereof and of the Indemnitor's liability to the Surety." *(Doc. 23 Exh. 1, ¶ III.B).* Plaintiff's Motion provides sufficient evidence to shift the burden of proof to Defendant.

In reply, Defendant fails to submit any evidence of bad faith. Instead, Defendant asserts that it has been unable to independently verify the amounts claimed or confirm they are proper.[2]

## III. THERE IS NO DISPUTE OF A MATERIAL FACT.

In its Memorandum in Opposition to Summary Judgment, Defendant argues that a factual dispute exists due to the absence of proof of payment beyond the Loss Spreadsheet. The Loss Spreadsheet attached to the Declaration of Lisa Frasier is a summary of the payments made by Old Republic pursuant to bonds issued at the request and on behalf of Defendant.[3] As evidenced by the document itself, the Loss Spreadsheet is a business record generated by Old Republic which tracks the payments by the applicable Bond number. *(Doc.*

---

[2] See paragraphs 13 and 15 of Defendant's Statement of Disputed Facts.
[3] Defendant has admitted that Exhibit 2 to Old Republic's Motion is an accurate list of the bonds issued by Old Republic at Defendant's request.

*23, Exh. 4, ¶ 9, 11; 4A).* For the reasons set forth above, the Loss Spreadsheet is sufficient to grant summary judgment.

However, to the extent any questions remain, Old Republic has attached copies of all payments in support of the Loss Spreadsheet to its Supplemental Statement of Undisputed Material Facts. The record fully supports summary judgment as copies of the payments are admissible evidence and fully establish the amounts summarized in the Loss Spreadsheet.

Pursuant to the terms of the Indemnity Agreement, this evidence of payment serves as substantiation of the Plaintiff's loss as well as *prima facie* evidence of the propriety of the payments and the Defendant's liability to the Old Republic.

### IV.    CONCLUSION

WHEREFORE, Old Republic respectfully requests this Court to award Summary Judgment in favor of Plaintiff against the Defendant in the sum of $2,456,694.64, plus any other claims and/or attorney's fees paid after January 14, 2025, as well as interest, costs and for such other and further relief as this Court may deem just and proper.

Respectfully Submitted:

DICKIE, McCAMEY & CHILCOTE, P.C.

BY:    /s/ W. Alan Torrance, Jr.
W. Alan Torrance, Jr., Esquire
*Admitted Pro Hac Vice*
PA ID #49592
Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
412-392-5272
atorrance@dmclaw.com
James R. Andrzejewski, Esquire
PA ID #308153
1650 Arch Street, Suite 2110
Philadelphia, PA 19103
jandrzejewski@dmclaw.com
Co*unsel for Plaintiff Old Republic Surety Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Reply Brief in Support of Motion for Summary Judgment has been served on this 7th day of February, 2025, via the Court's ECF system to the following counsel of record:

David B. Smith, Esquire
dsmith@skhlaw.com
Michael P. Donohue, Esquire
mdonohue@skhlaw.com
Smith Kane Holman LLC
112 Moores Road – Suite #300
Malvern, PA 19355

DICKIE, McCAMEY & CHILCOTE, P.C.

By: /s/ W. Alan Torrance, Jr.
W. Alan Torrance, Jr., Esquire